UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY R. MARLOR<br><br>        Plaintiff,<br><br>        v.<br><br>THE HOUSING COMPANY,<br><br>        Defendant. | Case No. 1:24-cv-00573-DCN<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## I. INTRODUCTION

Before the Court are eight motions filed by Plaintiff Gregory Marlor. Dkts. 22, 30, 32, 34, 35, 38, 39, and 47. Defendant, The Housing Company ("THC"), has filed various responses and Marlor has replied and supplemented his filings. The Court will address all motions today.

## II. BACKGROUND

On November 27, 2024, Marlor filed his Complaint (Dkt. 2) and Application to Proceed in Forma Pauperis (Dkt. 1). On September 3, 2025, Chief District Judge Amanda K. Brailsford issued an Initial Review Order. Dkt. 10.

As part of her Order, Judge Brailsford granted Marlor's Application to Proceed in Forma Pauperis and allowed him to pay the filing fee over time. *Id*. at 2.

Judge Brailford also undertook a comprehensive review of Marlor's Complaint. *Id*. at 4–14. That review—and Judge Brailsford's findings and concerns—are the impetus for most of the pending motions.

**MEMORANDUM DECISION AND ORDER - 1**

Marlor is a disabled individual who brought claims against THC—the entity that manages the Thomas Logan Apartments where he lives—alleging it violated his rights.[1]

Judge Brailsford determined most of Marlor's claims were time-barred by the statute of limitations, and only discriminatory acts occurring on or after November 27, 2022, would be allowed to proceed. *Id*. at 7–8. Furthermore, Judge Brailsford found it unlikely that any type of tolling or estoppel principles applied. *Id*. at 8–11.

Judge Brailsford also went on to find that, with one exception, all of Marlor's allegations of conduct occurring *after* November 27, 2022, failed to state a claim for relief because THC's conduct was not related to his status as a disabled individual. The sole exception was Marlor's assertion that he asked THC for an accommodation regarding access to the building and that request was denied. *Id*. at 13. Judge Brailsford allowed that single claim for discrimination to proceed.

But because the Court raised the statute of limitations issue sua sponte, Judge Brailsford gave Marlor an opportunity to explain how his time-barred claims were "timely or that their untimeliness is excused." Dkt. 10, at 15. Marlor had 30 days to comply. *Id*.

After various extensions to his Court-ordered deadline (Dkts. 14, 21) Marlor filed a Memorandum to Show Timely or Timeliness is Excused [*sic*]. Dkt. 22. THC opposed the Motion. Dkt. 26.

A few months later, Marlor filed an Application to Proceed In Forma Pauperis and Supplement. Dkts. 30, 31. These appear to be duplicates of earlier filings. In fact, Marlor

---

[1] For a more fulsome background, refer to Judge Brailsford's decision. Dkt. 10, at 4–6. That background is incorporated by reference.

recently filed a motion to remove these filings. Dkt. 39. Good cause appearing, the Motion is GRANTED and Dkts. 30 and 31 will be STRICKEN as duplicative.

A month later Marlor filed a Motion for Leave to File Electronically (Dkt. 32), a Motion for Order on Timeliness (Dkt. 34), and a Motion to Appoint Counsel (Dkt. 35). THC does not oppose Marlor's Motion to File Electronically, but opposes his other two Motions. The Court will discuss electronic filing and the appointment of counsel below. And because this Order addresses Marlor's timeliness arguments, the Court DENIES AS MOOT Marlor's Motion for Order on Timeliness (Dkt. 34).

Marlor filed a Motion for Extension of Time to file certain briefs (Dkt. 38) which THC opposed (Dkt. 42). Marlor subsequently filed his reply briefs before the Court could rule on the motion for extension. Seeing no prejudice to THC, the Court GRANTS the Motion for Extension and accepts Marlor's filings.

Finally, in one of his replies, Marlor moves the Court to amend his Complaint. Dkt. 47. It is not clear to the Court whether this is another attempt to move the case forward— meaning Marlor is simply asking to amend his complaint to add back in those claims Judge Brailsford dismissed—or if he is asking to amend his Complaint for another reason. If the former, the Court denies the motion based upon its analysis below. If the latter, the Court denies the Motion for lack of specificity. If Marlor intends to amend his Complaint for another, independent reason, he must explain why. The Motion to Amend within Marlor's reply brief (Dkt. 47) is, therefore, DENIED.

Having summarily dealt with some of the more procedural motions above, the Court now turns to Marlor's substantive motions and then to the overarching question of whether

MEMORANDUM DECISION AND ORDER - 3

Marlor's supplements should change the trajectory of this case and Judge Brailsford's original findings.

### III. DISCUSSION

#### A. Motion for Leave to File Electronically (Dkt. 32)

Good cause appearing, the Court grants Marlor's Motion to file electronically.

Marlor will be permitted to enroll as a "Registered Participant in the Electronic Filing System" solely for purposes of this action and is permitted to electronically file and receive materials via the Court's CM/ECF Program.[2] Marlor must follow all applicable procedures for electronic case filing, including but not limited to the District of Idaho's Local Civil Rules and Electronic Case Filing Procedures.[3] Permission to file electronically may be revoked at any time for failure to comply with these rules.

The Motion (Dkt. 32) is GRANTED.

#### B. Motion to Appoint Counsel (Dkt. 35)

Unlike criminal defendants, pro se and indigent litigants in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants in civil cases is within the court's discretion. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel should be appointed in civil cases only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances, exist, the Court

---

[2] Marlor shall contact the Clerk of the Court for instructions on how to enroll in CM/ECF in the District of Idaho.

[3] The District of Idaho's Local Civil Rules and Electronic Case Filing Procedures can be found on the Court's website: www.id.uscourts.gov.

should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 945 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both are evaluated together. *Id.*

First, Judge Brailsford already held that one of Marlor's claims passes the low threshold necessary to survive review under 28 U.S.C. § 1915. The Court appreciates the matters in this case—housing assistance and disability rights—are important and can be complicated. But, at this stage, the Court cannot say whether Marlor's claim/s have merit based on the limited record before it. Second, Marlor has been able to articulate his claims and arguments well. His filings are typed, understandable, and reference caselaw. Although it does appear Marlor has some disabilities—and has made some filing errors—it is clear he is intelligent and can adequately represent his case.

For all of these reasons, the Court DENIES the Motion to Appoint Counsel (Dkt. 35). That said, Marlor is always welcome to reach out to Idaho Legal Aid and other legal assistance programs to see what resources, if any, are available.

### C. Motion To Show Timely or Timeliness is Excused (Dkt. 22)

Marlor brought his claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f). The FHA makes unlawful discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2)(A).

As Judge Brailsford explained, the FHA imposes a two-year statute of limitations that begins to run from "the occurrence or the termination of an alleged discriminatory

housing practice." 42 U.S.C. § 3613(a)(1)(A). The Supreme Court has established that "a discrete retaliatory or discriminatory act 'occurred' on the day that it happened." *Nat'l R.R. Passenger Corp. v. Morgan* (*Morgan II*), 536 U.S. 101, 110 (2002). A discrete act constitutes a separate, actionable unlawful practice that is temporally distinct. *Id*. at 114.

As outlined, Judge Brailsford gave Marlor an opportunity to explain why the limitations period should be tolled, why THC should be estopped from raising a limitations objection, or otherwise argue against applying the statute of limitations here.

Marlor's response, however, does not provide an adequate legal basis to resurrect the dismissed claims.

First, Marlor did not meaningfully respond to Judge Brailsford's analysis regarding the FHA tolling provision, equitable tolling, or estoppel. In one of his filings, Marlor suggests that "filing a formal complaint with the Intermountain Fair Housing Council" ("IFHC") tolled the limitations period." Dkt. 34, at 1.  However, as the Court has previously held, a complaint to a private organization like the Intermountain Fair Housing Council "does not qualify as an 'administrative proceeding under [the FHA's] subchapter.'" *Guion v. Bonner Homeless Transitions Board of Directors*, 2020 WL 1666765, at *6 n. 10 (D. Idaho April 2, 2020). Thus, there was no tolling.

Marlor also attempts to reassert that equitable estoppel should be applied "due to Defendant's 'fraudulent concealment.'" Dkt. 34, at 2. Judge Brailsford already determined that virtually all Marlor's allegations failed to connect THC's actions with his disability, and therefore, his Complaint did not allege THC discriminated against him. Dkt. 10, at 13. Marlor has not persuasively disputed that finding. It is clear Marlor had complaints with

MEMORANDUM DECISION AND ORDER - 6

THC, but he was ready and able to raise those concerns with THC and other outside agencies. That his claims were ultimately unavailing does not mean THC was fraudulently concealing discriminatory actions or prohibiting him from raising concerns. Simply put, Marlor does not allege THC made a statement or action which led Marlor to reasonably believe he had no opportunity for a legal remedy or external assistance. Thus, THC would not be estopped from raising the limitations issue.

Second, Marlor asked the Court to "recognize The Housing Company's actions as systemic discrimination rather than isolated incidents." Dkt. 22, at 22. Under the continuing violations doctrine, courts historically allowed plaintiffs to include untimely claims when the defendant systematically discriminated against the plaintiff and the last act of systemic discrimination occurred within the limitations period. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). But since *Morgan II*, lower courts apply the continuing violations doctrine in two uncommon circumstances: class-wide pattern or practice claims, and claims where the defendant committed multiple acts which are legal in themselves but become illegal when viewed as a whole. *See Bird*, 935 F.3d at 747–48; *Morgan II*, 536 U.S. at 115–17.

None of the additional facts alleged in Marlor's Memorandum show a continuing violation under current law.

As Judge Brailsford explained, "a plaintiff cannot circumvent the statute of limitations by characterizing discrete housing decisions as part of a broader discriminatory 'practice' or 'policy.'" Dkt. 10, at 9 (citing *Cherosky v. Henderson*, 330 F.3d 1243, 1247-48 (9th Cir. 2003). But that is exactly what Marlor continues to assert: that THC has

engaged in "a deliberate pattern of discrimination," against him. Dkt. 22, at 5. The Court understands Marlor's common-sense suggestion that, if there are multiple alleged violations, such might suggest a pattern. But again, caselaw is clear. There is a distinction—although sometimes difficult to conceptualize—between the continued effects of a prior violation and *continuous* violations. *See Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (explaining courts must not conflate "a continuing violation with the continuing effects of a past violation").

In this case, Marlor has alleged a variety of *distinct* actions he believes constituted discrimination. But that does not mean there is a *continuing* violation. By way of example, Marlor claims he was discriminated against because he was not approved for a certain accessible unit at a certain price. He then felt the effects of those actions at a later time— i.e. he still did not get the unit he wanted months later and the one he was offered was at a higher price. So, although he may have, arguably, felt the effects of that action "continuously," it was not a continuous violation. It was a discrete action that had consequences moving forward.

Ultimately, Marlor's various responses lack any facts or case law which suggest how the Court could find a continuing violation. Marlor's claims before November 2022 remain dismissed.[4]

---

[4] Sprinkled throughout Marlor's filings are certain allegations that *may* be new (e.g. a more recent increase in rent). However, Judge Brailsford did not grant Marlor wholesale leave to amend his Complaint to assert new claims; she sought a response to specific concerns. If Marlor wishes to amend his Complaint, he must comply with Federal Rule of Civil Procedure 15 and Local Rule 15.1. Otherwise, those facts are irrelevant to today's decision.

In sum, Judge Brailsford gave Marlor a chance to salvage his time-barred claims, but he has not established such claims were either timely or that their untimeliness was excusable. Further, Marlor has not provided any newly discovered facts sufficient to support any of his claims that were dismissed. Thus, the Court upholds the dismissal of all Marlor's claims except the singular claim related to the key-card entry system and a reasonable accommodation. *See* Dkt. 10, at 13–14.

### IV. ORDER

1.    Marlor's Motion for Leave to File Electronically (Dkt. 32) is GRANTED.

2.    Marlor's Motion to Appoint Counsel (Dkt. 35) is DENIED.

3.    Marlor's Motion for Order (Dkt. 34) is DENIED AS MOOT.

4.    Marlor's Motion to Remove Duplicates (Dkt. 39) is GRANTED and Dkts. 30 and 31 are STRICKEN.

5.    Marlor's Motion for Extension (Dkt. 38) is GRANTED.

6.    Marlor's Motion to Amend (Dkt. 47) is DENIED.

7.    Marlor's Memorandum/Motion to Show Timely or Timeliness is Excused (Dkt. 22) is DENIED.

DATED: May 11, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9