UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY R. MARLOR<br>Plaintiff,<br>v.<br>THE HOUSING COMPANY,<br>Defendant. | Case No. 1:24-cv-00573-DCN<br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Gregory Marlor's Motion to Modify Scheduling Order and For Extension of Time to File. Dkt. 49. Defendant, The Housing Company ("THC"), strongly opposes the Motion. Dkt. 50. Upon review and for the reasons set forth below, the Cour DENIES Marlor's Motion.

## II. BACKGROUND

This is a Fair Housing Act case. On November 27, 2024, Marlor filed his Complaint (Dkt. 2) and Application to Proceed in Forma Pauperis (Dkt. 1). On September 3, 2025, Chief District Judge Amanda K. Brailsford issued an Initial Review Order allowing a single cause of action to proceed. Dkt. 10.

Relevant today, the Court subsequently entered a scheduling order in January 2026, that set forth various deadlines including a September 18, 2026, deadline for the completion of all fact and expert discovery and an October 16, 2026, deadline for filing dispositive motions. Dkt. 29, at 1, 3–4.

Numerous motions followed and the Court addressed those in an omnibus decision on May 11, 2026. Dkt. 48.

On September 18, 2026, Marlor filed his Motion requesting more time to complete discovery and to modify the scheduling order accordingly. Dkt. 49. THC opposed the motion, asserting Marlor has not done anything in this case and cannot now, on the eve of the deadline, seek an extension. Dkt. 50. Marlor did not reply.

THC timely filed a Motion for Summary Judgment. Dkt. 51 Marlor recently—and belatedly—responded. Dkt. 53. That motion is not yet ripe for review.

## III. LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation modified). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation modified).

## IV. DISCUSSION

THC represents that, since the Court entered its scheduling order in January, Marlor has failed to serve initial disclosures, has not served any written discovery requests, has not requested any depositions, and generally, has not taken any other acts to pursue discovery in this matter. As noted, Marlor did file various procedural motions (*see, e.g.*, Dkts. 22, 32, 34, 35, 38, 39, 47), but other than those—which the Court adjudicated some

four months *before* the relevant deadlines—it does not appear Marlor has engaged in discovery whatsoever. This does not demonstrate diligence.

It appears Marlor was aware of the September 18, 2026, deadline, but instead of engaging with THC or the Court in the months leading up to the deadline—or otherwise filing a motion with sufficient time for the Parties and the Court to determine the best path forward—he waited until the actual deadline to request relief. This does not demonstrate diligence either.

And as for Marlor's reasons for the extension, none are persuasive.

He first claims an extension is necessary because he lacks counsel. But again, Marlor's lack of counsel does not mean there is good cause for moving deadlines when he has taken almost no action regarding those deadlines. "[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). If Marlor had counsel and that counsel failed to conduct any discovery before the passing of the deadline, it is unlikely the Court would grant an extension for counsel to *begin* conducting discovery after the deadline has already passed. To grant Marlor an extension simply because he lacks counsel would be to treat him more favorably than represented parties, which is not permitted.

Second, Marlor claims he has various health aliments which made it difficult for him to comply. The Court is sympathetic to any health challenges Marlor may have, but it does not appear any are recent. In other words, this is not a situation where a sudden health situation, illness, or accident could justify an extension. By all accounts Marlor's

conditions pre-date this suit (and the deadlines) and he has not explained how any of his conditions prohibited him from timely engaging in discovery.

The bottom line is Marlor has not been diligent in this case, and an extension of the deadlines will not be granted.

## V. ORDER

1. Marlor's Motion to Modify and for Extension (Dkt. 49) is DENIED.

DATED: November 23, 2026

David C. Nye
U.S. District Court Judge